FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELINDA M., <br><br> Plaintiff, <br> v. <br><br> ANDREW M. SAUL, Commissioner of the Social Security Administration, <br><br> Defendant. | No: 2:19-CV-00266-FVS <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 11. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Dana C. Madsen. Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 10, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 11, and **REMANDS** the case for

ORDER ~ 1

additional proceedings consistent with this Order.

## JURISDICTION

Plaintiff Melinda M.[1] filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on March 16, 2017, Tr. 79, 94, alleging disability since August 6, 2010, Tr. 196, 202, due to chronic obstructive pulmonary disease (COPD), varicose veins, GERD, chronic allergies, digestive issues, chronic constipation, major depression, sciatica, and chest pain, Tr. 226. Benefits were denied initially, Tr. 119-25, and upon reconsideration, Tr. 129-34. A hearing before Administrative Law Judge Jesse Shumway ("ALJ") was conducted on June 26, 2018. Tr. 32-69. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of medical expert Lynne Jahnke, M.D. and vocational expert Jeff Tittelfitz. *Id*. The ALJ had called the psychological expert Glenn Griffin, Ph.D. to testify, Tr. 181, but the ALJ did not take his testimony at the hearing. Tr. 32-69. The ALJ denied benefits on August 22, 2018. Tr. 15-25. The Appeals Council denied Plaintiff's request for review on June 3, 2019. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

# BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 36 years old at the alleged onset date. Tr. 196. She completed the eleventh grade in 1991 and received training as a certified nurse's assistant. Tr. 43, 227. Plaintiff's past work includes jobs as a certified nurse's assistant, a telemarketer, a sales representative, and a cashier/stocker. Tr. 227, 241. At application, she stated that she stopped working on August 6, 2010, due to her conditions. Tr. 226.

# STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching

ORDER ~ 3

for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*. An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER ~ 4

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the

ORDER ~ 5

claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

ORDER ~ 6

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

Initially, the ALJ identified Plaintiff's date last insured for DIB purposes to be June 20, 2012. Tr. 17. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since August 6, 2010, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff had no severe impairments prior to the date last insurance for DIB, and denied the DIB claim at step two. Tr. 17. For the SSI claim, the ALJ found that Plaintiff has the following severe impairments since her application date of March 16, 2017: obesity and varicose veins. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found that Plaintiff has the

ORDER ~ 7

RFC to perform light work as defined in 20 C.F.R. § 416.967(b) except she has the following limitations:

> She can stand and walk in combination for only two hours total in an eight hour workday, and only 30 minutes at a time; she can only occasionally operate foot controls, crouch, crawl, kneel, stoop, balance, and climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she cannot have concentrated exposure to extreme cold or wetness; and she can have no exposure to vibrations or hazards, including unprotected heights and moving mechanical parts.

Tr. 27.

At step four, the ALJ identified Plaintiff's past relevant work as a telephone solicitor, a door-to-door sales representative, and a cashier/checker, and found that she is capable of performing her past relevant work as a telephone solicitor.  Tr 23.  As an alternative to denying Plaintiff's SSI claim at step four, the ALJ made a step five determination that, considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that she can perform, including electronics worker, office helper, and small products assembler II.  Tr. 24-25.  The ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from August 6, 2010 through the date of his decision.  Tr. 25.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her DIB under Title II and SSI under Title XVI of the Social Security Act.  ECF No. 10.  Plaintiff raises the following issues for this Court's review:

ORDER ~ 8

1. Whether the ALJ erred in weighing the medical source opinions; and

2. Whether the ALJ properly considered Plaintiff's symptom claims.

Plaintiff's briefing makes no challenge to the ALJ's denial of the DIB claim at step two. Therefore, the Court will only address the SSI claim.

## DISCUSSION

**1.  Medical Source Opinions**

Plaintiff challenges the weight the ALJ assigned to the medical opinions in the record. ECF No. 10 at 17-18. However, Plaintiff's briefing is vague in terms of the opinions she intends to challenge. She asserts that the "hypothetical question given to the VE should have included the findings of doctors that have examined [Plaintiff]." *Id*. at 18. The only providers who examined Plaintiff were John Arnold, Ph.D. and Rogelio Cantu, M.D. Tr. 19, 23. Plaintiff did discuss the opinion of John Arnold, Ph.D., when addressing Plaintiff's symptom statements. *Id*. at 15-16. Despite this limited briefing, the Court finds that the ALJ erred in his treatment of the opinions from Dr. Arnold and Dr. Cantu.

**A.    John Arnold, Ph.D.**

On February 21, 2017, Dr. Arnold completed a Psychological/Psychiatric Evaluation for the Washington Department of Social and Health Services (DSHS). Tr. 381-85. He diagnosed Plaintiff with persistent depressive disorder, unspecified anxiety disorder, and a rule out somatic symptom disorder. Tr. 383. He opined that Plaintiff had a severe limitation in the ability to adapt to changes in a routine

ORDER ~ 9

1  work setting, a marked limitation in an additional four basic work activities, and a

2  moderate limitation in an additional six basic work activities. *Id*. The ALJ found

3  that the opinion is not persuasive or supported by the medical evidence for three

4  reasons: (1) the opinion is inconsistent with Dr. Arnold's contemporaneous mental

5  status testing; (2) Plaintiff reported improvement in her depression by September

6  of 2017; and (3) the opinion predates the onset date of the SSI claim. Tr. 19.

7        Here, the ALJ used the incorrect standard when evaluating Dr. Arnold's

8  opinion. The ALJ addresses the persuasiveness of the opinion and whether the

9  opinion is supported by the medical evidence, which is required under 20 C.F.R. §

10 416.920c(b). However, 20 C.F.R. § 416.920c(b) only applies to claims filed on or

11 after March 27, 2017. This case was filed on March 16, 2017. Tr. 94. Therefore,

12 the ALJ was required to evaluate the opinion in accord with 20 C.F.R. § 416.927

13 and weigh the medical opinions. Plaintiff failed to challenge the ALJ's application

14 of 20 C.F.R. § 416.920c(b) to Dr. Arnold's opinion. ECF No. 10. Typically, the

15 Court will not address issues that are not clearly raised in a Plaintiff's briefing, but

16 in this case the ALJ's unchallenged errors, especially those addressed below, could

17 not be overlooked, and a remand for additional proceedings is appropriate.

18       **B.**    **Rogelio Cantu, M.D.**

19       On February 22, 2017, Dr. Cantu completed a Physical Functional

20 Evaluation form for DSHS. Tr. 372-79. Dr. Cantu diagnosed Plaintiff with

21 COPD, varicose veins, depression, and elevated blood pressure. Tr. 372-73. He

ORDER ~ 10

1  opined that Plaintiff was limited to sedentary work, which was defined as "[a]ble
2  to life 10 pounds maximum and frequently lift or carry lightweight articles.  Able
3  to walk or stand only for brief periods."  Tr. 374.  The ALJ did address this opinion
4  in accord with 20 C.F.R. § 416.927 and gave the opinion no weight because it was
5  from outside of the relevant period.  Tr. 23.  This is also a reason the ALJ gave for
6  not crediting Dr. Arnold's opinion.  Tr. 19 ("Additionally, this opinion was given
7  after the claimant's date last insured and before her protective filing date and is
8  therefore given no weight because it [is]outside the two relevant periods.").  The
9  ALJ's refusal to consider these opinions because they predate Plaintiff's
10 application for SSI by one month is an error.

11      To be eligible for SSI, a claimant must meet seven requirements under 20
12 C.F.R. § 416.202.  A claimant must (1) be aged 65 or older, blind, or disabled, (2)
13 be a resident of the United States, (3) not exceed the income limit, (4) not exceed
14 the resource limit, (5) not have a drug or alcohol addiction that is material to the
15 disability, (6) not be a fleeing felon, and (7) file an application.  20 C.F.R. §
16 416.202.  Based on the requirement that a claimant file an application to be eligible
17 for benefits, 20 C.F.R. § 416.202(g), ALJs have a practice of evaluating a
18 claimant's SSI application as if the disability onset date is the date of application.
19 *See* HALLEX I-2-6-58 (requiring ALJs to admit "[e]vidence dated on or after the
20 application date or protective filing date of a title XVI application claiming
21 disability").  However, this is inconsistent with the Regulations, which requires the

ORDER ~ 11

evidence in the case record to be complete:

> Complete medical history means the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application. If you say that your disability began less than 12 months before you filed your application, we will develop your complete medical history beginning with the month you say your disability began unless we have reason to believe your disability began earlier.

20 C.F.R. § 416.912(b)(ii). A claimant does not file an application on or before the day she becomes unable to work. Instead, she becomes unable to work, and then files an application. *See Peter S. v. Comm'r of Soc. Sec.*, Case No. 4:17-cv-05173-JTR, 2019 WL 1567894 (E.D. Wash. Feb. 26, 2019) ("Logic dictates that a person develops a medical impairment and then files an application for benefits, and not that a person files an application for benefits then develops a medical impairment."); *Rosalinda M. v. Saul*, Case No. 1:18-cv-03077-JTR, ECF No. 17 at 2 (E.D. Wash. April 2, 2019); *Joseph H. v. Saul*, Case No. 1:19-cv-00137-JTR, 2020 WL 1557297 (E.D. Wash. April 1, 2020). Furthermore, 20 C.F.R. § 416.202 makes being disabled and filing an application two separate requirements that must be met to be eligible for benefits. A claimant can conceivably meet the disability requirement, but not meet all other six requirements under 20 C.F.R. § 416.202.

Social Security's internal policy manual, the Program Operations Manual System (POMS) defines the protective filing date as the earliest possible Established Onset Date (EOD) for SSI claims, but acknowledges that the adjudicator may need to consider medical evidence prior to the application to

ORDER ~ 12

determine severity and duration of a claimant's impairments.  POMS DI 25501.370.  Social Security Ruling 18-1p states that "[b]ecause entitlement and eligibility depend on non-medical requirements, the EOD  may be later than the date the claimant first met the definition of disability, and some claimants who meet the definition of disability may not be entitled to benefits under title II or eligible for disability payments under title XVI."  Therefore, limiting the review of the evidence to the date of application and forward, thereby ignoring the claimant's alleged onset date of disability, is inconsistent with the Regulations and internal agency policy.

Here, Plaintiff provided an onset date on her SSI application, Tr. 196 ("I am disabled.  My disability began on August 6, 2010."), and she did not amend this alleged onset date.  The ALJ found that Plaintiff's DIB and SSI claims resulted in two distinct relevant periods with the DIB period being from Plaintiff's alleged onset of August 6, 2010 to her date last insured, June 30, 2012, and the SSI period being from the date of application, March 16, 2017 through the date of his decision, August 22, 2018.  Tr. 17-18.  In doing so, he rejected the opinion of Dr. Arnold and Dr. Cantu because they were dated a month prior to Plaintiff's application for benefits.  Tr. 19, 23.

Plaintiff cites a Ninth Circuit case from 1988, in asserting that "[a]n ALJ may reasonably reject a medical opinion 'because it is prior to the relevant time period.'"  ECF No. 11 at 7 *citing Burkhart v. Bowen*, 856 F.2d 1335, 1341 (9th Cir.

ORDER ~ 13

1988). However, recent Ninth Circuit holdings state that opinions that predate the alleged onset date are of limited relevance. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008); *See Pacheco v. Berryhill*, 733 Fed.Appx 356, 360 (9th Cir. 2018) ("evidence that predates the claimant's application date but postdates the alleged onset date is pertinent to the alleged period of disability").

In conclusion, the ALJ failed to weigh the opinion of Dr. Arnold in accord with 20 C.F.R. § 416.927. This alone is sufficient to justify a remand for benefits. However, the ALJ further erred by rejecting Dr. Arnold's and Dr. Cantu's opinions because they predated Plaintiff's application for benefits. While benefits are not payable prior to the SSI application date, 20 C.F.R. §§ 416.202(g), 416.501, the ALJ shall not limit his consideration of evidence to only the period benefits would be payable, 20 C.F.R. § 416.912(b)(ii), but he will consider the entire unadjudicated period unless the onset date is amended by Plaintiff.

**2.    Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's treatment of her symptom statements. ECF No. 10 at 14-17.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent

ORDER ~ 14

affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 21. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. § 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## CONCLUSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by

ORDER ~ 15

1  remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280

2  (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)

3  (noting that a district court may abuse its discretion not to remand for benefits

4  when all of these conditions are met).  This policy is based on the "need to

5  expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are

6  outstanding issues that must be resolved before a determination can be made, and it

7  is not clear from the record that the ALJ would be required to find a claimant

8  disabled if all the evidence were properly evaluated, remand is appropriate.  *See*

9  *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211

10  F.3d 1172, 1179-80 (9th Cir. 2000).

11      The Court finds that further administrative proceedings are appropriate.  *See*

12  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

13  (remand for benefits is not appropriate when further administrative proceedings

14  would serve a useful purpose).  Here, it is not clear from the record that the ALJ

15  would be required to find a claimant disabled if all the evidence were properly

16  evaluated.  Therefore, the Court remands this case for further proceedings

17  consistent with this Order.

18      On remand, the ALJ shall weigh the opinions of Dr. Arnold and Dr. Cantu,

19  and readdress Plaintiff's symptom statements.  In addition, the ALJ should

20  supplement the record with any outstanding medical evidence and take the

21  testimony of a psychological expert and vocational expert at remand proceedings.

ORDER ~ 16

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 11 is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

DATED this 20th day of July, 2020.



Stanley A. Bastian
United States District Judge